## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3338 | **DATE** | 10/14/2004 |
| **CASE TITLE** | Coleman vs. Village of Ford Heights | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
|---|---|---|
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's motion to dismiss is denied. Defendant to file an answer to the complaint by 10/28/04. Parties are directed to exchange Rule 26(a)(1) disclosures by 11/4/04. Status hearing set for 11/18/04 at 9:00 a.m. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| X | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 2004 | |
| | Notified counsel by telephone. | date docketed | 9 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| MF | courtroom deputy's initials | 2004 OCT 14 PM 12:37  date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PERCY COLEMAN and JIMMY BOYD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No: 04 C 3338 |
| ) | |
| VILLAGE OF FORD HEIGHTS, ) | Judge John W. Darrah |
| a municipality, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Percy Coleman and Jimmy Boyd, filed suit against Defendant, the Village of Ford Heights. Plaintiffs allege that Defendant wrongfully terminated Plaintiffs' employment, in violation of 42 U.S.C. § 1983; Plaintiffs also allege that Defendant retaliated against Plaintiffs. Presently before the Court is Defendant's Motion to Dismiss. For the following reasons, Defendant's Motion to Dismiss is denied.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A district court may also take judicial notice of matters of public record without converting the pending motion into a request for summary judgment. *See Doherty v. City of Chicago*, 75 F.3d 318, 324 n.4 (7th Cir. 1996). A plaintiff is not required to plead the facts or elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is

warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## BACKGROUND

The facts, for the purpose of this motion, are taken as true from Plaintiffs' Complaint. Plaintiffs were employed as Deputy Chiefs in Defendant's police department. On several occasions, Plaintiffs were involved with arresting family members of the Village of Ford Heights' Board of Trustees and the Trustees themselves. Thereafter, Plaintiffs were terminated from their employment with Defendant without receiving a hearing.

## ANALYSIS

Plaintiffs bring three counts against Defendant: (1) a claim alleging Defendant discharged Plaintiffs in retaliation for engaging in constitutionally protected activities, (2) a violation of procedural due process under 42 U.S.C. § 1983, and (3) a violation of substantive due process under 42 U.S.C. § 1983.

As to Plaintiffs' retaliation claim, Defendant argues that Plaintiffs have failed to properly allege the elements of this claim, namely, the existence of a constitutionally protected activity. *Abrams v. Walker*, 307 F.3d 650, 654 (7th Cir. 2002). At this stage, though, Plaintiffs do not need to allege the facts that support the elements of their retaliation claim but only a statement which provides fair notice of the claim and the grounds upon which it is based. This, the Plaintiffs have done.

Similarly, with respect to Plaintiffs' procedural due process claim, Defendant contends that Plaintiffs have failed to properly allege facts to state a claim. According to Defendant, Plaintiffs have not properly alleged facts demonstrating that they have a protectable property or liberty interest. However, Plaintiffs need not allege the facts of the claim in their Complaint, as explained above. Here, again, Plaintiffs' Complaint provides notice of the grounds for the claim in Count II.

As to Plaintiffs' substantive due process claim, Plaintiffs' Complaint alleges that Defendant's decision to terminate Plaintiffs without a hearing was arbitrary and capricious. To recover on a substantive due process claim, Plaintiffs must demonstrate an underlying life, liberty, or property interest that is protectable. *Zorzi v. County of Putnam*, 30 F.3d 885, 895 (7th Cir. 1994) (*Zorzi*). Defendant is correct in stating that "[o]ccupational liberty . . . is not protected by substantive due process." *Zorzi*, 30 F.3d at 895 (citing *Illinois Psychological Ass'n v. Falk*, 818 F.2d 1337, 1343-44 (7th Cir. 1987). However, Plaintiffs can also bring a substantive due process claim based upon the denial of a protectable property interest. *See Draghi v. County of Cook*, 184 F.3d 689, 694 (7th Cir. 1999). As discussed above, whether Plaintiffs have a protectable property interest is a factual matter not proper to resolve on a motion to dismiss.

Defendant, a municipality, also seeks to dismiss these counts because Plaintiffs have not properly brought a claim against a municipality. Specifically, Defendant contends that Plaintiffs have failed to allege what involvement the Trustees had in the employment decision. To bring a § 1983 claim against a municipality, a plaintiff must allege that the municipality's custom or

policy caused the injury. *See, e.g., Woodward v. Corr. Med. Servs. of Illinois, Inc.*, 368 F.3d 917, 928 (7th Cir. 2004) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Here, Plaintiffs have alleged Defendant had such a custom or policy.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is denied.

Dated: October 14, 2004

JOHN W. DARRAH
United States District Judge

4